## UNITED STATES v. SCHOTT.

(District Court, E. D. Pennsylvania. March Term, 1920.)

No. 2051.

Intoxicating liquors ☞273—Evidence of illegal sales of liquor since arrest warrants injunction.

> Under National Prohibition Act Oct. 28, 1919, which makes a place where liquor is illegally sold a public nuisance, which may be abated as such, a temporary injunction may be issued, where it is shown that the illegal sales have been made at the place complained of as a nuisance, for which defendant is now under arrest, and that such sales had also been made at the same place since the arrest.

In Equity. Suit by the United States against George W. Schott. On motion of the United States for a temporary injunction. Injunction granted.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa.
John F. McEvoy, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The Act of Congress of October 28, 1919, c. 85, 41 Stat. 305, carrying the title "National Prohibition Act," and commonly known as the Volstead Act, has for its main purpose the enforcement of the Eighteenth Amendment to the Constitution. This act, as part of the laws of the United States, will be obeyed in its letter and spirit by all law-abiding citizens, and obedience will be enforced upon all others. Greed for illicit gains may tempt the unruly to violate its provisions, but they will learn the futility of all attempts to override the law. Those who do violate this law can have no other motive than the sordid desire to get money by pandering to the folly and weaknesses of others. Such conduct makes no call upon either the sympathy or indulgence of any one, and is at the cost of the branding as criminals those who so act.

Congress had in mind as a possibility what the developed facts of this case show that a defendant charged with the violation of the law might persist in making further unlawful sales while awaiting trial. To meet such a situation the Volstead Act declares the place at which such sales are made to be a public nuisance, and may be abated, as may any other nuisance. It further provides that what is called a "temporary writ of injunction" may issue "until the conclusion of the trial."

The present proceeding is to have such injunction issue. No question is raised respecting the regularity or form of procedure. All that is called for is the prima facie finding now made that illegal sales of liquor have been made at the place complained of as a nuisance, for which the defendant is now under arrest, and that illegal sales have

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

been made at the same place since the arrest, and the further finding that the nuisance complained of exists.

The order or writ of temporary injunction prayed for is allowed, as per formal decree filed herewith.